Gestenslager v. Rixon.

---

No. 22,682.

FRED GESTENSLAGER, *Appellant,* v. C. R. RIXON and THE HOME STATE BANK of Greensburg (et al.), *Appellees.*

SYLLABUS BY THE COURT.

CONTRACT—*Independent Promise to Pay Debt of Another—Consideration.*
The evidence considered, and *held,* that a promise to pay the debt of another was an independent promise, made for the advantage of the promisor, in consideration of forbearance by the promisee to bring a contemplated suit against the person owing the debt.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed November 6, 1920. Reversed.

*H. O. Trinkle,* of Garden City, for the appellant.

*William Easton Hutchison,* of Garden City, and *C. H. Bissitt,* of Greensburg, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a'creditor to enforce the promise of a third person who had assumed and agreed to pay the debt. The district court directed a verdict for the defendants, and the plaintiff appeals.

The plaintiff's petition and evidence disclosed the following basis for recovery: Sakdol owned a crop of several hundred acres of kafir corn and maize, which was ready for harvest, and which he was financially unable to care for. Sakdol was indebted to Gestenslager for labor performed in growing the crop. Sakdol was indebted to other farm laborers, to the Home State Bank of Greensburg, and to others, and in his financial distress had resorted to the practice of giving checks without funds in bank to meet them. Gestenslager, believing he was in danger of losing his claim unless he could make it out of the crop, went to Garden City, the county seat of the county in which the crop was growing, for the purpose of bringing an attachment suit. Sakdol, who lived in Greensburg, had sent Gestenslager a telegram that Rixon and Smith would be in Garden City that night, and Sakdol would be with them. Rixon and Smith represented the bank. When Rixon and Smith arrived, they conferred with Gestenslager, and induced him to forego bringing his attachment suit, on these terms: Rixon and Smith would go out to the land, look at the crop, and if satisfied with it they would take over the crop, harvest and market it, and pay Gestenslager and the other farm laborers. The next day Rixon and Smith went to the land, inspected the crop, and were satisfied with it. They took from Sakdol a bill of sale for which they paid Sakdol fifty dollars, and proceeded to harvest and market the crop. The bank expected to profit by the transaction. Instead of that, the crop did not pay the expense of harvesting and marketing, and the bank refused to pay Gestenslager.

There was evidence in opposition to that favorable to the plaintiff, but the court declined to submit the case to the jury on the ground the promise sued on was within the statute of frauds. The promise was an original undertaking by the bank, made to secure possession of the crop, in order that the bank might make its claim out of the crop. Incidentally,

Sakdol would be benefited by having his debts paid, but he was helpless in the matter, and in order to save itself the bank intervened. The plaintiff's threatened attachment of the crop stood in the bank's way, and his forbearance to sue constituted consideration for the bank's promise. The principles of law governing the transaction are sufficiently discussed in the opinion in the case of *Johnson v. Huffaker,* 99 Kan. 466, 162 Pac. 1150, and in the authorities there cited.

The judgment of the district court is reversed, and the cause is remanded for a new trial.